# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-cr-0268-JAD-CWH |
| Plaintiff | |
| v. | **Order Regarding Restitution** |
| YOUNG HIE CHOI, | |
| Defendant | |

Young Hie Choi pled guilty to conspiring to commit money laundering in violation of 18 USC § 1956(h) and was sentenced to five years of probation.[1] In her plea agreement, Choi agreed "to make full restitution, jointly and severally, in the amount to be determined by the Court, to include all of the losses [she] caused by her criminal scheme, whether charged or uncharged, pled to or not, and by all of her relevant conduct as determined by the Court."[2] A separate evidentiary hearing was held to consider the appropriate amount of restitution,[3] and the parties submitted post-hearing briefs summarizing their positions.[4] Having thoroughly considered all of the evidence, the record, and the parties' briefing and arguments, **I order Young Hie Choi to make restitution in the amount of $955,236.10, jointly and severally with the other defendants in this action.**

## Discussion

There is no dispute that Choi's offense of conviction gives rise to mandatory restitution under the Mandatory Victims' Restitution Act (MVRA), nor that her crime "involves as an

---

[1] ECF Nos. 157 (plea agreement), 204 (2/21/18 judgment).
[2] ECF No. 157 at 16.
[3] *See* 2/16/18 hearing minutes at ECF No. 203.
[4] ECF Nos. 206, 207.

element a scheme, conspiracy, or pattern of criminal activity" entitling "any person directly harmed" by her conduct to restitution.[5] The government has the burden of establishing by a preponderance of the evidence that the victim's damages were caused by the conduct that the defendant was convicted of, and "restitution may compensate victims only 'for actual losses caused by the defendant's criminal conduct.'"[6] The central question here is what amounts make up the actual losses caused by Choi's conduct.

Choi was just one participant in a multi-party conspiracy that involved shell companies and false identities set up to process millions of dollars in fraudulent credit-card transactions. The government has grouped these transactions into various categories, all reflected on a comprehensive chart that it offered as Exhibit 3A at the evidentiary hearing.[7] Based on the testimony and evidence offered at the hearing, I find that the actual losses caused by Choi's conduct are only those in Columns A and E. These amounts represent the "Total Transaction Loss" of $931,552.69 plus the $23,683.41 in additional losses. I find that the evidence establishes by a preponderance of the evidence that these losses are all attributable to the specific offense-of-conviction conduct of Choi in this criminal scheme.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Choi must pay restitution in the amount of $955,236.10, jointly and severally with the other defendants in this action**, and THE CLERK OF COURT is directed to ENTER an AMENDED JUDGMENT reflecting this restitution order. The Government must immediately provide the court with a Restitution and

---

[5] 18 U.S.C. § 3663A(a)(2).

[6] *United States v. Peterson*, 538 F.3d 1064, 1075 (9th Cir. 2008) (quoting *United States v. Gamma Tech Indus. Inc.*, 265 F.3d 917, 926 (9th Cir.2001)).

[7] Available in a much smaller-print version at ECF No. 202-1.

Payees List that corresponds with the victims and amounts identified in the government's Exhibit 3A, columns A & E only, and that list will be attached to the amended judgment.

Dated: May 17, 2018

_____
U.S. District Judge Jennifer A. Dorsey